EDWIN P. HATCHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hatcher v. Commissioner
Docket No. 1952-82.
United States Tax Court
T.C. Memo 1983-216; 1983 Tax Ct. Memo LEXIS 560; 45 T.C.M. (CCH) 1363; T.C.M. (RIA) 83216; April 25, 1983. Edwin P. Hatcher, pro se. Larry D. Anderson, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Sec. 6653(b) [1]
Sec. 6654(a)
Year
Deficiency
Addition to Tax
Addition to Tax
1977
$4,090.00
$2,045.00
$85.37
1978
2,008.00
1,004.00
66.71
1979
770.00
385.00
35.26
The foregoing deficiencies are based on respondent's determination that petitioner failed to report wages he received in each of the years at issue. This case is before the Court on respondent's motion for judgment on the pleadings. Petitioner resided in Dearing, Ga., when he filed his petition *561 herein. The petition does not raise any material issues but, instead, contains general statements critical of the Federal income tax system. In his answer, respondent affirmatively alleged that for the taxable years at issue petitioner failed to file income tax returns and failed to report income even though he received wages in those years which he knew constituted taxable income. Respondent also alleged that in each of the years at issue petitioner filed forms W-4 and W-4E falsely claiming that he was exempt from withholding for Federal income taxes. Respondent made these allegations in support of his determination that the underpayments herein were due in whole or in part to fraud. Petitioner did not file a reply to respondent's answer. On June 18, 1982, respondent timely filed a motion for an order that the undenied allegations in the answer be deemed admitted Despite proper notification, petitioner did not appear at the hearing on such motion. On July 21, 1982, the Court entered an order under Rule 37(c) [2] granting respondent's motion and deeming admitted the affirmative allegations of fact contained in the answer. *562 Respondent then filed his motion for judgment on the pleadings. Since the pleadings were closed by the Court's order of July 21, 1982, such motion is properly before us. Rule 120(a). On December 28, 1982, petitioner was notified that the motion was calendared for hearing in Atlanta, Ga., on January 31, 1983. Petitioner nevertheless made no appearance. At the hearing, respondent advised the Court that he would rely on the deemed admitted allegations of his answer to carry his burden of proof on the issue of the additions to tax for fraud. It is clear that respondent must prevail on the underlying deficiencies and the mandatory additions to tax under section 6654(a) either because petitioner has defaulted or because he has failed to carry his burden of proof. ; Rule 142(a). As to the additions to tax for fraud, the burden of proof is on respondent and he must carry that proof by clear and convincing evidence. Rule 142(b); . It is settled that fraud may be proven through facts deemed admitted under Rule 37(c). *563 The facts deemed admitted herein clearly establish that petitioner engaged in a course of conduct to evade taxes he knew he owed for the years at issue. Despite having received wages in 1977, 1978, and 1979 of $17,823.30, $11,804.52 and $7,287.05, respectively, petitioner failed to file income tax returns and failed to report income in those years even though he knew such wages constituted taxable income. He also filed in each of the years at issue forms W-4 and W-4E falsely claiming that he was exampt from withholding for Federal income taxes. Based on such facts, we find petitioner understated his income for 1977, 1978, and 1979 with the fraudulent intention of evading taxes. Accordingly, we sustain respondent's determinations of the deficiencies and additions to tax owed by petitioner for his 1977, 1978, and 1979 taxable years; thus, respondent's motion for judgment on the pleadings will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩